**Lana CENTENO, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 05–35011.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.[2]

Decided Dec. 13, 2005.

---

**2.** This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kimberly K. Tucker, Esq., Alan Stuart Graf PC, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of The U.S. Attorne, Portland, OR, Joanne E. Dantonio, Esq., SSA—Social Security Administration, Office of The General Counsel, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and BURNS,[3] District Judge.

## MEMORANDUM[1]

Lana Centeno appeals the district court's decision upholding the determination of the administrative law judge ("ALJ") that she was not entitled to disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Our review must consider whether the ALJ's finding was supported by substantial evidence and was free of legal error. *Batson v. Comm'r of the Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004). Centeno claims she is disabled based on chronic neck pain, various problems with her hands, pain in her arm and shoulder, depression and other physical and mental impairments. Centeno argues the ALJ erred in finding her only severe physical impairment was chronic neck pain (cervical degenerative disc disease) and in assessing her mental residual functional capacity ("RFC") by adopting the findings of the examining psychologist and rejecting the opinions of her treating mental health professionals.

■ The ALJ rejected Centeno's claims that her other physical impairments were severe because he found her testimony regarding the severity of the symptoms not fully credible. His credibility finding was based on Centeno's accounts of her daily activities, tendency to exaggerate symptoms which was documented in her medical records, refusal to take pain medication, numerous inconsistent statements, and medical records which did not support her claims regarding severity of the symptoms. Ordinary credibility factors, such as prior inconsistent statements concerning symptoms, other testimony which appears less than candid, the claimant's reputation for lying, inadequately explained failure to follow a prescribed course of treatment, and the claimant's daily activities are reasons to find the testimony about the severity of the symptoms not credible, even when there is medical evidence establishing a basis for some degree of the symptomology. *Smolen v. Chater,* 80 F.3d 1273, 1281–82, 1284 (9th Cir.1996). The ALJ made specific findings stating clear and convincing reasons for finding Centeno's

---

3. The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

testimony less than fully credible. Upon review of the record, we find the ALJ's findings are supported by substantial evidence and free of legal error.

The ALJ rejected in part the opinions of Centeno's treating mental health professionals in assessing her mental RFC because they were based primarily on Centeno's self-reporting which was found unreliable, and because they were conclusory and unsupported by medical records as a whole or by any objective medical findings. On the other hand, the examining psychologist's reports were based on three extensive examinations which included clinical interviews and objective testing, detailed review of medical and mental health records, and a discussion addressing other mental health opinions in the record. When a treating physician's opinions do not have supporting objective evidence, are contradicted by other medical records, and are based on the patient's subjective descriptions of symptoms, an ALJ need not fully credit them. *Batson,* 359 F.3d at 1195. In this case, the ALJ provided specific, legitimate reasons for rejecting the opinions of the treating mental health professionals and relying on the opinions of the examining psychologist instead. *See id.* Upon review of the record, we find the ALJ's reasons are supported by substantial evidence and free of legal error.

**AFFIRMED.**